## HABERKORN *v.* HILL.

*(Supreme Court, Special Term, New York County.* September 11, 1888.)

1. PLEADING—ADMISSIONS—PARTNERSHIP.

 The complaint alleged that the parties entered into a copartnership under a written agreement, (reciting its contents,) and that on the expiration of the agreement it was continued by a new agreement on the same terms, and that a copy of said last mentioned agreement is annexed to the complaint. Defendant admitted the first agreement, and that it was continued by a new agreement upon the same terms, but denied that the agreement annexed to the complaint was a true copy of such new agreement. No part of the answer expressly admitted the copartnership. *Held* that, reading the pleadings together, the copartnership was not admitted.

2. PARTNERSHIP—WHAT CONSTITUTES.

 The first agreement expressly provided that the relation between the parties should not be one of partnership. By the new agreement plaintiff agreed to act under defendant's management, at such times and places, during theatrical seasons, as he might elect, and that she would not act under the management of any other person. The contract further provided that a correct account of the receipts and expenditures should be kept, the books to be open to plaintiff's inspection at all times, and that the personal expenses, except railway tickets, of each party should be an individual matter, but that all other expenses of the company should be deducted from the receipts, and the residue be equally divided between plaintiff and defendant. *Held,* that the agreement did not constitute a copartnership between the parties.[1]

Action for dissolution of partnership, accounting, etc.

*Horatio C. King,* for plaintiff. *Howe & Hummel* and *George H. Forster,* for defendant.

INGRAHAM, J. This action is brought for a dissolution of the copartnership between the plaintiff and defendant, and for an accounting. To entitle plaintiff to any relief in a court of equity it must appear that the relation be-

---

[1] As to what constitutes a partnership, see Railway Co. v. Johnson, (Tex.) 7 S. W. Rep. 838, and note; Fertilizer Co. v. Reynolds, (Ala.) 4 South. Rep. 639, and note.

tween the plaintiff and the defendant was that of copartners. If there was no copartnership, neither the facts alleged in the complaint, nor the facts proved upon the trial, would justify a court of equity in interfering between the parties. If the defendant has broken the agreement on his part, the plaintiff has adequate remedy at law, and she must look to such remedy for relief. It is claimed by the plaintiff that the answer admits the copartnership, but a careful examination of the pleadings has satisfied me that there is no such admission. The complaint alleges that the parties to this action entered into a copartnership under a written agreement, (reciting its contents,) which would expire June 4, 1887; and that on or about that date the said copartnership agreement was continued by a new agreement for the same terms, for a further period of six years, commencing June 4, 1887, and to expire June 4, 1893; and that a copy of said last-mentioned agreement is annexed to the complaint, and is made a part thereof. The defendant, answering that allegation, admits that at or about the time stated in the first paragraph of the complaint he entered into a written agreement with the plaintiff, (reciting the agreement,) and that on or about the 4th day of June, 1887, said agreement was continued by a new agreement upon the same terms, for a further period of six years, commencing June 4, 1887, but the defendant denies that the agreement annexed to the complaint, and marked and referred to therein as "Exhibit A," is a true copy of the said agreement. Whether the contract set up in the complaint constituted a copartnership, and made the parties thereto copartners, was a question of law, and the allegation in the complaint of the legal effect of the agreement was not a statement of a fact, but was a statement of a conclusion of law, and when the defendant admitted that he made an agreement, but that the agreement set up in the complaint was not the agreement made between the parties, it was a denial of the agreement as alleged, and if a denial of the conclusion of law was necessary it was a sufficient denial of that conclusion. None of the allegations in the answer expressly admit the copartnership, and, reading the pleadings together, I do not think there was an admission that the agreement between the parties was a copartnership agreement, and that the parties thereby became copartners. Nor do I think that the agreement was a copartnership agreement. The first agreement between the parties, and of which the contract in question is a continuation upon the same terms, expressly provides that the relation between the parties should not be one of partners. The agreement sued on provides that the plaintiff agrees, in consideration of one dollar, to act under the direction and management of the defendant, and at such times and places, during theatrical seasons, as he may elect, and that the plaintiff will act at no time under the management of any other party without the consent of the defendant expressed in writing. There is nothing in this agreement that would constitute a copartnership. Plaintiff was to act under the direction and management of the defendant. She contributed no capital, and was liable for no debts. The defendant was not her agent for any purpose, and if the defendant had agreed to pay her a certain salary for acting, there could be no claim that any copartnership relation existed between them. The contract then provides that a correct account of the receipts and expenditures shall be kept as in the past, and the books containing such accounts shall be open at all times to the inspection of the plaintiff, and should she desire a copy of such books the same should be furnished to her by the defendant; that the personal expenses, except railway tickets, of each party to the contract shall be an individual matter and shall not be entered as expenses in the running of the Margaret Mather Company. All other expenses, such as salaries of the company supporting Miss Mather, printing, etc., and in fact all expenditures required in the conducting of the business, shall be taken from the receipts of said organization, and the remaining sums shall be equally divided between the defendant and plaintiff. There is nothing in this provision that would indicate the in-

tention of the parties to form a copartnership. The evident intent was to compensate the plaintiff for her services in acting, and the case comes directly within the exception stated in *Richardson* v. *Hughitt*, 76, N. Y. 55, where it is said: "And here comes in another exception to the rule last stated, which is that where a person has no interest in the capital or business, and is to be remunerated for his services by a compensation from the profits or measured by the profits, or what is to depend, as in the case of seamen or other voyagers, upon the result, it has no application. Where, then, one is only interested in the profits of a business as a means of compensation for services rendered, he is not a partner." Reading the whole contract together, and construing it in the light of a business to be carried on, the relations of the parties to each other, the former contract, of which the one in question was a mere continuance, and its express provisions, the conclusion is irresistible that the agreement between the parties was not one of copartnership, and the plaintiff can therefore have no relief in this action. The complaint must, therefore, be dismissed, with costs.